IN RE the MARRIAGE OF:

Anthony KELLER, Petitioner-Respondent,

v.

Barbara KELLER, n/k/a Barbara Billett,
Respondent-Appellant.

Court of Appeals

*No. 01–2970. Submitted on briefs April 9, 2002.—Decided
May 21, 2002.*

2002 WI App 161

(Also reported in 647 N.W.2d 426.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Phillip Todryk* and *Todryk Law Office, S.C.* of Hudson.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Kenneth N. Sortedahl II* and *Gavic Law Office* of Spring Valley.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Barbara Billett (formerly Keller) appeals an order modifying the placement of

their minor child after both Barbara and her ex-husband, Anthony Keller, moved to modify placement. The court granted Anthony's motion and granted equal placement to Barbara and Anthony. Barbara argues that the trial court erroneously exercised its discretion when it modified placement. She also contends that we should reverse the court's decision to deny her motion to modify placement.[1]

¶ 2. We conclude that there has been a substantial change in circumstances that merits a review of their child's placement under WIS. STAT. § 767.325(1)(b).[2] However, we conclude that the trial court erroneously exercised its discretion by applying a presumption of equal placement that does not exist in the statutes. We

---

[1] We are not persuaded that the trial court erroneously exercised its discretion by not awarding the precise modifications Barbara requested. While framed as an "erroneous exercise of discretion" argument, it is apparent that Barbara is requesting this court to exercise discretion and grant her motion. Exercising discretion is the exclusive province of the trial court. *Filppula-McArthur v. Halloin*, 2000 WI App 79, ¶ 16, 234 Wis. 2d 245, 610 N.W.2d 201. We only address the dispositive issues the parties raise. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

[2] WISCONSIN STAT. § 767.325(1)(b) provides:

After 2–year period. 1. Except as provided under par. (a) and sub. (2), upon petition, motion or order to show cause by a party, a court may modify an order of legal custody or an order of physical placement where the modification would substantially alter the time a parent may spend with his or her child if the court finds all of the following:

a. The modification is in the best interest of the child.

b. There has been a substantial change of circumstances since the entry of the last order affecting legal custody or the last order substantially affecting physical placement.

2. With respect to subd. 1., there is a rebuttable presumption that:

therefore reverse and remand for the trial court to apply the correct legal standard, the child's best interest, and modify placement accordingly.

BACKGROUND

¶ 3. Barbara and Anthony were married in February 1995 and had a child in April 1996. In August 1997, Anthony petitioned for divorce. The trial court adopted a marital settlement agreement as part of its April 1998 judgment of divorce. The court granted Anthony and Barbara joint legal custody and ordered a very specific physical placement schedule.[3]

¶ 4. In April 2001, both parents moved to modify placement. Anthony argued that placement should be equal because their child was starting school, Barbara

a. Continuing the current allocation of decision making under a legal custody order is in the best interest of the child.

b. Continuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child.

3. A change in the economic circumstances or marital status of either party is not sufficient to meet the standards for modification under subd. 1.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] The schedule provided that Barbara would have primary physical placement. During the school year, Anthony would have placement every weekend except the first weekend of the month. He would also see the child one weeknight per week from 4:30 p.m. to 8 p.m. During the summer, the placement would be equal and alternate weekly between Anthony and Barbara. The schedule also designated that placement for holidays would alternate.

was no longer breastfeeding and their daughter needed more contact with her father. Barbara proposed that she be granted placement every other weekend and that Anthony should be compensated for his lost weekend with one weeknight overnight each week. The trial court granted Barbara and Anthony equal placement. Barbara appeals.

## DISCUSSION

¶ 5. Barbara claims that Anthony failed to prove a substantial change in circumstances, which is necessary for a substantial modification of placement. She also claims that she does not need to prove a substantial change in circumstances because she was not asking for a substantial modification of placement.

¶ 6. WISCONSIN STAT. § 767.325(1)(b) provides that, after two years, a court may substantially change physical placement if the modification is in the child's best interest and there has been a substantial change of circumstances since the entry of the last placement order. Whether to modify a placement or custody order is directed to the trial court's discretion. *Hughes v. Hughes*, 223 Wis. 2d 111, 119, 588 N.W.2d 346 (Ct. App. 1998). We affirm a trial court's discretionary determination when the court applies the correct legal standard to the facts of record and reaches a reasonable result. *See Kerkvliet v. Kerkvliet*, 166 Wis. 2d 930, 938–39, 480 N.W.2d 823 (Ct. App. 1992). Our task as a reviewing court is to search the record for reasons to sustain the trial court's exercise of discretion. *See In re R.P.R.*, 98 Wis. 2d 613, 619, 297 N.W.2d 833 (1980). However, when a party argues that the trial court erroneously exercised its discretion by applying an incorrect legal

standard, we independently review that issue of law. *See Kerkvliet*, 166 Wis. 2d at 939.

¶ 7.    Barbara argues that there is no evidence of a substantial change of circumstances. Whether a "substantial change of circumstances" has occurred is a legal question. *Harris v. Harris*, 141 Wis. 2d 569, 574, 415 N.W.2d 586 (Ct. App. 1987). A "substantial change of circumstances" requires that the facts on which the prior order was based differ from the present facts, and the difference is enough to justify the court's considering whether to modify the order. *Licary v. Licary*, 168 Wis. 2d 686, 692, 484 N.W.2d 371 (Ct. App. 1992). We may defer to the trial court's conclusion that a change in circumstances is substantial, but we are not bound. *See Harris*, 141 Wis. 2d at 574–75.

¶ 8.    In her brief, Barbara refers to the placement changes she wanted as "minor," but we reject Barbara's characterization. In the original order, Anthony had placement of their child on all weekends except the first weekend of the month. He also had her one evening a week from 4:30 p.m. to 8 p.m. Barbara proposed that she and Anthony alternate weekend placement.[4] In exchange for his lost weekend, Barbara proposed that their daughter remain overnight at Anthony's home one weeknight each week. She contended that this was a net increase in the number of nights that Anthony would have her at his home because one weekend with two nights would be replaced by four weeknights a month, with a net increase of two nights a month for Anthony.

[4] Barbara did not propose to alter the summer placement schedule.

407

¶ 9.  Barbara's proposed modification significantly alters the placement configuration, affording Anthony fewer weekends and therefore less "quality time" with their child. Additionally, it more than nominally changes the number of nights their daughter will spend with each parent. We therefore conclude that the change Barbara requested is substantial. By asking the trial court for what constituted a substantial modification of placement, Barbara effectively conceded that there was a substantial change in circumstances to merit placement modification under WIS. STAT. § 767.325(1)(b)1. She cannot maintain a contrary position on appeal.

¶ 10.  Nevertheless, we agree with Barbara that the trial court erroneously exercised its discretion by employing an incorrect legal standard regarding the child's best interest. In reaching its placement decision, the court stated, "I think it is very clear that the statute indicates the policy, public policy of the State of Wisconsin is that children should have a mother and a father on an equal basis, that the mother and father should not one be preferred over the other unless there is some good reason to justify that." The court went further:  "And so barring some evidence that shows it is not in the best interest of the child, or is physically unworkable . . . the court believes that the statutory admonition that equal and full contact at least as to the extent possible should be granted."

¶ 11.  These statements demonstrate that the trial court believed there is, essentially, a statutory presumption of equal placement. The trial court started with the presumption or "policy" that equal placement is in the child's best interest and then placed the burden on the

party opposing equal placement to show that such an arrangement would not be in the child's best interest.

¶ 12. Under Wis. Stat. § 767.24(2)(am), there is a statutory presumption of joint legal custody. However, there is no provision establishing a presumption of joint placement. While the physical placement statute, Wis. Stat. § 767.24(4)(a)2, requires the court to provide for placement that allows the child to have regularly occurring, meaningful periods of physical placement with each parent, this is not tantamount to a presumption of equal placement.

¶ 13. Anthony does not argue that there is a presumption of equal physical placement. Rather, he contends that there was ample evidence to support the trial court's placement decision. We are not, however, confident that the trial court would reach the same decision under the proper application of the best interest standard. The court must determine whether "[t]he modification is in the best interest of the child" and whether Anthony has overcome the rebuttable presumption that "[c]ontinuing the child's placement with the parent with whom the child resides for the greater period of time is in the best interest of the child." *See* Wis. Stat. §§ 767.325(1)(b)1a and (1)(b)2b. Therefore, we deem it appropriate to reverse and remand for the trial court to exercise its discretion under the proper standard of law.

*By the Court.*—Order reversed and cause remanded.