COURT OF APPEALS
DECISION
DATED AND FILED

June 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2278**

Cir. Ct. No. **2009FA174**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

AMBER M. FRANKS N/K/A AMBER M. MICHELIZZI,

    PETITIONER-APPELLANT,

V.

CHARLES D. SMILEY,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Douglas County: GEORGE L. GLONEK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 HRUZ, J. Amber Michelizzi appeals an order providing Charles Smiley with shared legal custody and increased physical placement of their children. She contends that Smiley failed to demonstrate a "substantial change of

circumstances" justifying the modifications, and that the ordered modifications were not in the children's best interests.

¶2     We reject Michelizzi's arguments and conclude a substantial change of circumstances occurred. Among other things, Smiley's previous inability to provide a suitable environment for his children had been remedied; he had obtained new employment that provided regular work hours and a flexible schedule; one of his children had developed a very close relationship with Smiley's stepdaughter following his marriage to his current spouse; and the children are now of an age where they are capable of expressing—and have expressed—a desire to spend more time with their father.

¶3     In holding that there has been a substantial change of circumstances, we conclude that this case is not analogous to *Lofthus v. Lofthus*, 2004 WI App 65, 270 Wis. 2d 515, 678 N.W.2d 393. *Lofthus* establishes that the combination of circumstances there—including the children's natural aging process, the general increased availability of one of the parents, and a change in the law from the time of the original placement order—are insufficient to constitute a substantial change of circumstances. Here, there has been a much greater degree of change. We also reject Michelizzi's argument that the circuit court improperly relied upon Smiley's changes in marital and financial status, contrary to WIS. STAT. § 767.451(1)(b)3. (2017-18),[1] in modifying the parties' existing order. Finally, we deem undeveloped Michelizzi's argument that the modifications were not in the children's best interests. Accordingly, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

## BACKGROUND

¶4    Michelizzi and Smiley have never been married to each other and have two minor daughters. In 2009, Michelizzi commenced an action seeking child support. A guardian ad litem (GAL) was appointed for the children, and in 2013, by stipulation of the parties and with the support of the GAL, a court commissioner ordered joint legal custody and shared physical placement of their children. Smiley had physical placement overnight every Wednesday and Thursday, as well as every other weekend, with a separate schedule for holidays. The parties both lived in Superior, Wisconsin, at the time.

¶5    In April 2014, the court commissioner entered an order modifying legal custody and placement based upon a further stipulation by the parties. At the time, Smiley was living in a two-bedroom apartment with a twenty-seven-year-old male roommate. The girls did not have their own space in the apartment, and he did not believe it was a suitable environment to have substantial placement of his children. Smiley also had two jobs that required him to work odd, inflexible hours, including in the evenings.[2] Smiley testified that in 2014 he was struggling financially and was usually "burned out" from work, and, as a result, he did not have the kind of quality time he wanted with his children. Smiley stipulated that Michelizzi should have sole legal custody of the children as well as their primary physical placement, with Smiley exercising periods of physical placement every other weekend and at such other times as the parties mutually agreed.

---

[2] On cross-examination in this matter, Smiley clarified that his employment at one of the jobs had ended approximately six months before the April 2014 order was entered. Although Michelizzi highlights this clarification throughout her briefs, we do not consider the total number of jobs Smiley was working at that time to be a fact material to our analysis.

¶6       Shortly thereafter, Smiley left Superior for Minnesota, where he lived with a girlfriend until May of 2015, when he moved to Danbury, Wisconsin. He exercised all of his placement with the children until August of 2015, when Michelizzi began allowing him to have the children only for a portion of the day on Saturdays. In October 2015, Smiley moved back to Superior and resided with a friend.[3]  Smiley then moved into an apartment in January 2016, and he and Michelizzi agreed to resume the placement schedule reflected in the April 2014 order. Michelizzi in the meantime had married, had two children with her husband, and had relocated to Proctor, Minnesota.

¶7       Smiley obtained stable employment as a tire technician, and in September 2016, he purchased a three-bedroom home in Superior on a land contract. The home was purchased from the mother of his then-girlfriend. Smiley married his girlfriend in 2018. As a result of the marriage, Smiley has one stepdaughter, who is the same age as his youngest biological daughter. In contrast to his 2014 work schedule, Smiley testified that his work schedule as of 2018 was close to "banker's hours" and was flexible so that he could take off during the day and make up hours on the weekends or by working longer shifts.

¶8       Smiley filed a motion to modify legal custody and physical placement on January 26, 2018.[4] At that point, the parties' daughters were ages nine and six, respectively. Smiley asserted there had been a substantial change of circumstances since the April 2014 order, and he requested joint legal custody as

---

[3] Smiley filed a motion to modify legal custody in September 2015. That motion was dismissed by stipulation of the parties.

[4] Smiley also sought to modify child support based on the anticipated placement schedule. Michelizzi has not raised any issue regarding child support on appeal.

well as equal amounts of shared physical placement. The court commissioner entered a temporary order and, after mediation failed, set the matter for a hearing. The commissioner appointed a GAL, who agreed that a substantial change in circumstances had occurred and noted that, although the children were "somewhat conflicted about their situation," they desired to spend more time with their father. The GAL ultimately recommended joint legal custody and increasing the amount of placement time with Smiley.

¶9 Following the hearing, the court commissioner ordered that the parties share joint legal custody of their children. The commissioner also increased the children's placement with Smiley, ordering that he have placement each week between Wednesday evening and Friday morning, with the parties alternating weekends. The commissioner found a substantial change in circumstances had occurred since the April 2014 order's entry—namely, the new stability in Smiley's life as a result of his work, financial situation, marriage, and living arrangements. The commissioner also found that joint legal custody and increased placement time with Smiley were in the children's best interests.

¶10 Michelizzi sought a de novo hearing before the circuit court. The court conducted a two-day evidentiary hearing, at the conclusion of which the court heard closing arguments. Michelizzi asserted that the case was analogous to *Lofthus*, in which this court determined there had not been a substantial change in the parties' circumstances. *See Lofthus*, 270 Wis. 2d 515, ¶¶15-28. Smiley, by contrast, asserted that the totality of the circumstances recognized by the court commissioner in this case evidenced a "plethora of changes."

¶11 The circuit court concluded that the "accumulation of all these significant changes certainly constitutes a substantial change in circumstances."

The court specifically noted the parties' subsequent marriages and their "close geographic proximity." The court rejected Michelizzi's argument that continuing the stipulated custody and placement arrangement promoted stability, observing that Smiley's circumstances were substantially different at the time and he should not be punished for his choices years ago if he now wished to be a more active parent. The court found the changes ordered by the court commissioner to be in the children's best interests, and it entered an order largely approving those changes.[5] Michelizzi now appeals.[6]

## DISCUSSION

¶12 Generally, a circuit court may modify orders concerning a child's legal custody and placement after two years have elapsed if the modification is: (1) in the best interest of the child; and (2) there has been a substantial change of circumstances since the entry of the last order. WIS. STAT. § 767.451(1)(b)1. There are rebuttable presumptions that it is in the child's best interest to continue the current allocation of decision making under a legal custody order and to continue the child's physical placement with the parent with whom the child resides for the greater period of time. Sec. 767.451(1)(b)2.

¶13 Here, Michelizzi challenges the circuit court's conclusions that there has been a substantial change in circumstances and that modifications of the

---

[5] The circuit court deviated from the court commissioner's decision in ordering that Michelizzi would have sole legal custody of the children regarding the choice of which schools to attend.

[6] The GAL notified this court that he would not be participating in the appeal. He stated his position was articulated in the submissions to the court commissioner and circuit court, and he believed that any decision by this court would not materially affect the children's best interests.

children's legal custody and placement were in their best interests. As to whether a substantial change in circumstances has occurred, Michelizzi renews her argument that this case is controlled by *Lofthus*. As to the children's best interests, she argues the court improperly adopted some of the court commissioner's findings of fact despite her having rebutted them during the de novo hearing. We reject both arguments.

*I. Substantial Change of Circumstances*

¶14 A substantial change of circumstances requires a showing that the facts on which the prior order was based differ from the present facts, and that difference is enough to justify a modification of the prior order. *Shulka v. Sikraji*, 2014 WI App 113, ¶24, 358 Wis. 2d 639, 856 N.W.2d 617. Of particular relevance to this case, "[a] change in the economic circumstances or marital status of either party is not sufficient" to establish a substantial change of circumstances. WIS. STAT. § 767.451(1)(b)3.

¶15 Whether the party seeking to modify the existing legal custody or placement order has established a substantial change of circumstances is a matter of law we review de novo. *Shulka*, 358 Wis. 2d 639, ¶25. Although we conduct our review independent of the circuit court, we give some weight to its decision because the determination of a substantial change of circumstances is heavily dependent on the analysis of the underlying facts. *Id.* The court's findings of fact regarding the circumstances at the time of the last order and the circumstances at the time of the new motion for modification will not be overturned unless they are clearly erroneous. *Lofthus*, 270 Wis. 2d 515, ¶17.

¶16 Michelizzi principally contends that the circumstances here are indistinguishable from those in *Lofthus*, which she views as setting a "floor" for

what constitutes a substantial change of circumstances. In *Lofthus*, the divorced parties' child placement was modified numerous times. *Id.*, ¶¶2-3. Approximately three and one-half years after the last placement modification, Paul Lofthus sought to have equal placement with his children, which the circuit court rejected. *Id.*, ¶¶4, 7. We agreed with the circuit court that Paul had failed to establish a substantial change of circumstances. *Id.*, ¶¶22-28.

¶17    Paul had identified seven circumstances that he asserted collectively demonstrated a substantial change of circumstances:

> (1) the children are older; (2) he lives closer to them; (3) he is now self-employed and can be available more often; (4) he is available to transport the children daily to school; (5) his children have a new half-sister from Paul's remarriage and that visitation would be beneficial to the children and the half-sister; (6) his son was struggling in school; and (7) a change in the law from the time of the original order requires the court to award equal placement when both parents are fit.

*Id.*, ¶18 (footnotes omitted). We rejected the notion that these asserted changes were sufficient, specifically observing that the natural aging process of a child is not a substantial change, the proximity of Paul's residence to his children's had changed in a de minimis amount, Paul's employment status was not "currently relevant," and the fact that Paul could transport his children to school did not appear significant. *Id.*, ¶¶22-25. We further observed that the circuit court's findings of fact contradicted the notion that Paul's son was struggling academically, and we noted that Paul had failed to tie any negative academic performance to the placement schedule. *Id.*, ¶27. Finally, we restated the general rules that placement may not be modified based on changed marital circumstances or changes in the law. *Id.*, ¶¶26, 28.

¶18     In contrast to *Lofthus*, and as the circuit court recognized, there are numerous changes in this case that rise to the level of a substantial change of circumstances.  To be sure, there are some similarities between this case and *Lofthus*; the children are older, and Smiley has married and gained a stepchild, whom he testified was so close to one of his daughters that "they might as well be twins."  But in addition to these facts, Smiley's life and work circumstances have materially changed, and in a manner that directly improves his ability to exercise meaningful custody and placement.  Whereas he was previously living in a small apartment with a male roommate, while struggling financially and working odd hours, he now has a home with space for his children, the hours of his employment are typical daytime hours and otherwise flexible, and he has achieved greater financial stability.

¶19     Michelizzi argues that most of these considerations are "linked" to Smiley's economic circumstances and marital status, and therefore should be excluded from the "substantial change in circumstances" calculus according to WIS. STAT. § 767.451(1)(b)3.  For example, Michelizzi asserts Smiley only moved back to Superior because of his relationship with his current wife, and the couple only achieved "non-apartment housing" because of Smiley's mother-in-law, who apparently sold them the house.  She also appears to consider the changes to Smiley's work hours as part of his "economic circumstances," and she criticizes him for failing to offer testimony from his employer verifying his newfound flexibility.

¶20     When WIS. STAT. § 767.451(1)(b)3. is interpreted in the broadest sense, as Michelizzi appears to advocate, most factors bearing upon the proper placement for a child can be tied in some fashion to "economic circumstances" or "marital status."  But in its use of the word "sufficient," it seems apparent the

9

statute is meant to preclude modification of legal custody or placement based solely on the fact that a party has married or divorced or finds himself or herself better or worse off financially since the time of the original order. This limitation does not mean that certain considerations attendant to such circumstances—such as the amount of time the party is available to spend with the child, the suitability of the party's living arrangements, the party's work schedule, or changes in the parent's relationship with the child—are prohibited in determining whether a substantial change of circumstances has occurred.

¶21    This interpretation of the statute is buttressed by *Landwehr v. Landwehr*, 2006 WI 64, 291 Wis. 2d 49, 715 N.W.2d 180. There, our supreme court concluded the circuit court reasonably determined that there had been a substantial change in circumstances based upon the father's relocation closer to the children and the fact that he had become self-employed. *Id.*, ¶31. The self-employment allowed the father to work more flexible hours. *Id.*, ¶5. Accordingly, here, we reject Michelizzi's argument that WIS. STAT. § 767.451(1)(b)3.'s prohibition on "economic circumstances" constituting a substantial change of circumstances requires courts to ignore non-monetary aspects of employment that might bear on the question of whether facts have sufficiently changed to warrant a modification of placement.

¶22    Moreover, the court in *Landwehr* observed that the circuit court there appropriately considered factors relevant to the children's particular situation. *Landwehr*, 291 Wis. 2d 49, ¶31. Those factors included the children's adjustment to their home and school, their existing placement, their developmental needs, their need for stability, and their parents' relationship. *Id.* Here, there was testimony at trial that Smiley's relationship with his children had grown since the entry of the April 2014 order. One of Smiley's children in particular has a very

strong relationship with his stepdaughter. As the circuit court noted, the children, through the GAL, were now expressing a desire to spend more time with Smiley that they may not have been able to express when younger, and no GAL had been appointed during the April 2014 proceedings. By contrast, the court found Michelizzi's position as appearing punitive; she testified that because Smiley gave up his right to legal custody and primary placement in April 2014, he should be prohibited from now seeking to increase his role in his children's lives.[7]

¶23 In summary, we agree with the circuit court that Smiley has demonstrated a substantial change of circumstances. Smiley's employment and living situations are significantly different than they were in April 2014 when he stipulated that Michelizzi should have sole legal custody and primary physical placement of the children. Additionally, he has developed a relationship with his children that had not existed for many years, if ever, and his children are now able to articulate their desire to spend more time with him. In other words, it is not the fact that the children naturally aged that supported Smiley's motion; rather, it is the fact that they have now reached a competence level at which they are better able to express their own wishes. Even Michelizzi concedes this change. In short, the facts of the case demonstrate a substantial change of circumstances as a matter of law.

---

[7] This position from Michelizzi is odd, as the evidence suggests Smiley's voluntary decision to reduce his own custody and placement rights in 2014 was done, at least in part, in the interests of the children, insomuch as Smiley testified that his small apartment shared with a twenty-seven-year-old male roommate was not "a fit and proper place to have substantial placement with [his] children." It seems impractical, at best, to conclude that a parent must choose to maintain placement under such circumstances lest the parent do otherwise and then impair his or her ability later to seek a change of legal custody and placement after a "fit and proper" home is obtained.

¶24    In her reply brief, Michelizzi argues the court commissioner's April 2014 order failed to set forth the facts upon which it was based, and therefore Smiley was provided with an unfair opportunity to develop those facts during the proceedings in 2018 rather than him having to do so in the context of the 2014 order. While Michelizzi critiques the weight that the circuit court gave to many facts, she does not challenge as clearly erroneous any of the facts as found by the court. We do not perceive any unfairness in the procedure of this case, as the type of "before" and "after" comparison of the facts undertaken here is precisely what the statute contemplates occurring. If the "before" facts are unknown or undeveloped in the prior order, the taking of testimony and other evidence is a proper—indeed necessary—way to determine them.

## II. Children's Best Interests

¶25    Michelizzi also argues that even if there was a substantial change in circumstances, the circuit court failed to properly determine the children's best interests. We review a determination of whether modifying a placement or custody order is in a child's best interest for an erroneous exercise of discretion. *See Keller v. Keller*, 2002 WI App 161, ¶6, 256 Wis. 2d 401, 647 N.W.2d 426. We will affirm a circuit court's discretionary determination when it applies the correct legal standard to the facts of record and reaches a reasonable result. *Id.*

¶26    Factors to consider when allocating legal custody and physical placement are identified in WIS. STAT. § 767.41(5). Michelizzi's brief, however, largely omits any analysis of the circuit court's exercise of discretion using those factors. Instead, she accuses the court of "grabb[ing] the coattails of [the court commissioner's] order, and us[ing] it to support its best interest analysis for both custody and physical placement." She contends this approach was erroneous

because some of the court commissioner's findings were, in her view, "rebutted" during the testimony offered at the de novo hearing.

¶27 This argument appears mostly to challenge Smiley's testimony, but, again, it does so without Michelizzi contending that any of the circuit court's factual findings are clearly erroneous. More specifically, the only fact Michelizzi appears to challenge is whether Smiley was working one job or two at the time the April 2014 order was entered. She fails to explain how Smiley's previously working only one job with odd hours, versus two, would result in an erroneous determination of the children's best interests at this time. Moreover, her argument regarding the children's best interests largely devolves into a version of her argument that there has not been a substantial change of circumstances in the first instance, which we have rejected. Her argument also appears to reiterate her belief that Smiley should be punished for not having been more involved in his children's lives previously. We reject Michelizzi's "best interests" analysis as undeveloped and supported only by general statements, not legal argument. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.