# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 27, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP82**

STATE OF WISCONSIN

Cir. Ct. No. 2017FA197

IN COURT OF APPEALS
DISTRICT II

IN RE THE MARRIAGE OF:

KEITH BUDNY,

    PETITIONER-RESPONDENT,

  V.

MELISSA BUDNY,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Melissa Budny appeals an order in which the circuit court declined to modify a shared placement order contingent upon Melissa ensuring the children had no contact with her husband, Joseph Roberts.  We conclude the court did not erroneously exercise its discretion when it declined Melissa's proposed modification.  Accordingly, we affirm.

## BACKGROUND

¶2     The parties were divorced in July 2017.  They stipulated to joint legal custody of the parties' two minor children and a 2/5 placement schedule.  Thereafter, Melissa began a relationship with her then-boyfriend, now-husband, Joseph Roberts.[1]

¶3     In February 2018, Keith filed a motion seeking to revise the order to condition Melissa's placement on the children having no contact with Roberts.  The motion was principally based upon Roberts's conviction history and drug use.  A guardian ad litem (GAL) appointed for the children supported the motion, noting Roberts had an extensive drug history and was a confidential informant, potentially endangering the children.  A court commissioner agreed and entered the requested no-contact order, which was upheld by the circuit court on review.

¶4     In June 2020, Melissa petitioned the circuit court to modify the no-contact order based on her marriage and Roberts's progress in treatment.  The court held an evidentiary hearing, during which both Keith and the GAL supported continuing the no-contact condition.  The court expressed concern about the lack

---

[1] Melissa and Roberts were married approximately two weeks prior to the December 2020 evidentiary hearing in this case.

of evidence regarding the intervals between Roberts's relapses, and though it lauded Roberts's progress in treatment, it determined it was too soon to permit him contact with the children. The court stated it was a "very-critical time for Mr. Roberts as he's weaning off the Suboxone," which was part of his treatment regime for his addiction, and the court wanted to see how he would respond to the absence of that "crutch" before allowing contact. The court acknowledged that the decision was not the one that Melissa "wanted or perhaps expected," but it stated its decision was "in the best interests of the minor children at this time." Melissa now appeals.

**DISCUSSION**[2]

¶5 "We give deference to the circuit court's decisions regarding the modification of placement under an erroneous exercise of discretion standard of review …." *Landwehr v. Landwehr*, 2006 WI 64, ¶7, 291 Wis. 2d 49, 715 N.W.2d 180. We will affirm if the court applied the correct legal standard based upon the facts of record and reached a reasonable result. *Id.*

¶6 Melissa first argues the circuit court applied the wrong legal standard, which presents a question of law. *See id.*, ¶8. She argues the court's order was contrary to *Schwantes v. Schwantes*, 121 Wis. 2d 607, 360 N.W.2d 69 (Ct. App. 1984), in which the court conditioned a grant of custody upon the mother terminating her relationship with an individual. *Id.* at 609-10. The court of appeals concluded this condition effectively required the mother to choose

---

[2] Keith did not file a response brief. Accordingly, this appeal is decided based upon briefs filed by Melissa and the GAL. Additionally, to the extent Melissa's appellate arguments assert the original no-contact order was entered in error, that order is not before us on appeal.

between her constitutional right of free association and her constitutional right to care for her children, *id.* at 625, and we concluded the then-operative custody statute could not "be construed to confer upon the trial court the power to condition an award of custody on the termination of the custodial parent's relationship with another in the absence of a showing that the relationship has a significant adverse [e]ffect upon the children." *Id.* at 625-26.

¶7      We agree with the GAL that Melissa has forfeited this argument by failing to raise it before the circuit court. *See State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504, 331 N.W.2d 320 (1983) ("Generally, issues not raised or considered by the trial court will not be considered for the first time on appeal."). As Melissa points out, her counsel did state at the hearing that "[a] parent usually has the right to make the decision as to who they involve their children with unless there's a showing that this person is a harm or danger to the children." That, however, was the extent of the argument on this point; counsel did not provide any case law or legal authority, nor did counsel argue that the placement condition imposed in 2018 had an unconstitutional effect. To preserve an issue for appeal, a litigant must raise it "with sufficient prominence such that the trial court understands that it is being called upon to make a ruling." *Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656.[3]

¶8      In any event, *Schwantes* is easily distinguishable. The clear constitutional problem in that case was that the condition required the mother to

---

[3] Melissa argues forfeiture cannot be applied, but this understanding is based on a misreading of *Schwantes v. Schwantes*, 121 Wis. 2d 607, 626-27, 360 N.W.2d 69 (Ct. App. 1984), in which the court rejected the father's argument that the mother had waived her right to challenge the condition based upon her "voluntary" transfer of custody. Nothing about those passages in *Schwantes* relieves a litigant of the obligation to preserve issues for appellate review.

terminate her intimate relationship with another individual. *See, e.g.*, ***Schwantes***, 121 Wis. 2d at 624. Accordingly, the condition was lacking any nexus to the requirement that the children's best interests guide the custody determination. ***Id.*** Here, by contrast, the condition did not require Melissa to sever her relationship; it required her to keep her significant other separated from the children—a man whom the circuit court regarded as still presenting some danger to the children based upon his criminal history and the risk for relapse, despite his having a laudable period of sobriety.

¶9 Next, Melissa argues that the circuit court erroneously exercised its discretion because the order declining her proposed modification violated her constitutional right to decide as a parent who her children may associate with. Here again, Melissa relies on an argument and authorities that were never presented to the circuit court.

¶10 To the extent Melissa otherwise attempts to challenge the circuit court's exercise of discretion, we conclude there is no basis to reverse the order. For placement decisions that do not substantially alter the amount of time a parent may spend with his or her child, a court may modify an order if the proposed modification is in the best interests of the child. WIS. STAT. § 767.451(3) (2019-20).[4] The same factors that guide initial placement and custody determinations apply to proposed modifications to the order. *See* § 767.451(5m)(a). Those factors include whether a parent's significant other, anyone who will be residing with the children, or a stepparent has a criminal record. *See* WIS. STAT.

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

§§ 767.41(5)(am)12m. and 767.451(5m)(b). A "significant problem with alcohol or drug abuse" by a party is a factor, *see* § 767.41(5)(am)14., and by extension, drug or alcohol problems by a person who will be living with and/or having significant contact with the children can be considered under the catchall provision, *see* § 767.41(5)(am)16.

¶11    Here, the circuit court ably explained the reasons why it believed it was too soon to allow the children contact with Roberts. The court expressly contemplated that if Roberts continued his laudable progress with treatment and avoided any more criminal entanglements, the time would come when it would be appropriate for him to be a part of the children's lives. His continuing treatment, as well as his history of risky criminal activity, reasonably gave the circuit court pause at this juncture.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.