COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, McCullough and Senior Judge Bumgardner
Argued at Richmond, Virginia


CHRISTINE COLEMAN

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0633-11-2                   JUDGE STEPHEN R. McCULLOUGH
                                                       NOVEMBER 22, 2011

PETER RICHARD COLEMAN



FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

Richard L. Locke (Shannon S. Otto; Locke Partin DeBoer & Quinn,
on brief), for appellant.

W. Reilly Marchant (Marchant, Thorsen, Honey, Baldwin & Meyer,
LLP, on brief), for appellee.


        Christine Coleman appeals from an award of spousal support, contending that the trial court

erred in utilizing a locally adopted *pendente lite* spousal support guideline formula to establish

permanent spousal support under Code § 20-107.1, and, in this connection, failed to consider the

statutory factors in Code § 20-107.1 and did not make the required written factual findings as

required by this statute.  She further argues that the court erred in imputing income to her.  For the

reasons stated, we affirm in part and reverse in part.

                                    ANALYSIS

        The divorcing parties, Peter Richard Coleman ("husband") and Christine Coleman ("wife"),

reached an agreement with respect to the division of marital property, but proceeded to trial on the

question of spousal support.  At the hearing, the court heard extensive evidence relevant to the

factors found in Code § 20-107.1.

───────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties sharply disputed the extent to which wife would be able to work. Wife testified that she suffered from migraine headaches, fibromyalgia, attention deficit disorder, as well as embarrassing complications associated with an ileostomy. She further testified that she suffers from cervical spinal stenosis, a pinched nerve in the neck, lower spine issues, radiculopathy, and torticollis. Wife's evidence was that her migraines were severe and debilitating and caused severe pain. A neurologist, Dr. Kim Harris, and a psychiatrist, Dr. James Sellman, who both treated wife, corroborated her account that wife's ailments were debilitating. Wife also presented evidence that she experienced "cognitive fragmentation," which makes her "scattered, disjointed and enormously disorganized." In the opinion of her treating psychiatrist, wife is not able to work. Wife also presented testimony from a vocational expert, Peder Christian Melberg, who testified that wife's numerous medical problems would preclude her from maintaining employment.

Husband, who is a medical doctor, testified that wife never mentioned attention deficit disorder in 20 years of marriage. He further noted the difficulty in diagnosing that disease. Husband also noted the controversy in the medical community concerning what constitutes fibromyalgia or even whether it exists. He testified that, in his view, it was "certainly not a disabling condition" for wife. The evidence further established that wife was able to take care of the parties' two children, and was able to travel with the children on vacation.

Dr. Herman Broughton, a vocational expert called by husband, obtained medical reports from a number of doctors who treated wife. He concluded that wife could work and that she could earn $30,000 per year. His review of the medical records showed that she did not frequently suffer from migraines. He testified that wife was leading "a pretty active life. She's taken vacations, she participates in a divorce recovery program at First Baptist Church, active with the children, looked after the home for the last couple of years, she's done landscaping and so forth." Husband cross-examined wife's medical experts concerning the limited number of visits wife made to obtain

- 2 -

treatment, the improvement in her headaches over time, the lack of objective verification for the existence of migraines and attention deficit disorder, the physicians' reliance on wife to describe her symptoms, and the fact that some of her symptoms would likely diminish at the conclusion of the divorce proceeding. Dr. Harris acknowledged on cross-examination that she was not a vocational expert and that persons with migraines, attention deficit disorder, or persons who have had an ileostomy or a laminectomy are able to work.

The court announced its decision from the bench two weeks after the hearing. The trial court provided an overview of the evidence presented at the hearing. The court determined that husband's income for the year was $230,000. The court imputed $25,000 per year in income to wife. The court stated that it had not overlooked the testimony of the wife's treating physicians, but found, upon consideration of the conflicting evidence, that the evidence was overwhelming with respect to the ability of wife to function on a day-to-day basis. The court then directed counsel to "plug in" the numbers into the local "guidelines." Thereafter, the court entered a final decree of divorce, which provided in relevant part as follows:

> Following the *ore tenus* hearing the Court made findings that were announced by the Court on the record on October 18, 2010, and are set forth in the transcript entitled "Complete transcript of the hearing, when heard before the Honorable Gary A. Hicks, Judge" a copy of which has been filed with the papers herein and is by this reference made a part of this Order; and the Court accordingly finds that in regard to the issue of spousal support and child support, after consideration of the *ore tenus* evidence, exhibits, and arguments of counsel heard in Court on October 4, 2010, that the Wife is not totally disabled and the court finds that she is able to work on a part time basis and imputes $25,000 per year income to her; the Court further finds that Husband's income for the year is $230,000, said finding being supported most directly by Plaintiff's Exhibit 4 and the testimony of Plaintiff's Expert, Mr. Stuart Logan. Consequently, the Court hereby ORDERS that the Henrico County *pendente lite* spousal support guidelines shall be applied in order to determine the amount of spousal support using Husband's annual income of $230,000 a year ($19,167 per month) and Wife's imputed income of $25,000 a year ($2,083 per month), and Husband shall pay to

Wife monthly spousal support in the amount of $4,159, computed as follows: 28% of $19,166 equals $5,367; 58% of $2,083 equals $1,208; $5,367 less $1,208 equals $4,159 per month. Accordingly Husband is hereby **ORDERED** to pay to Wife spousal support in the amount of $4,159 per month effective November 1, 2010 and continuing on the first day of each month thereafter until further Order of this or another court of competent jurisdiction.

DETERMINATION OF SPOUSAL SUPPORT

Wife argues, among other things, that the trial court erred in failing to make written findings supporting its spousal support determination and further erred when it instead applied locally developed guidelines.[1] Under Code § 20-107.1,

[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court. In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.

Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (citations and internal quotation marks omitted).

Code § 20-107.1(E) and (F) together impose two responsibilities on trial courts. The court must first consider all of the spousal support factors enumerated in Code § 20-107.1(E), Fadness v. Fadness, 52 Va. App. 833, 846, 667 S.E.2d 857, 863 (2008), and, second, in contested cases, the court must set forth "findings or conclusions identifying the factors listed in Code § 20-107.1(E) that support the spousal support award," Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007).

---

[1] Wife also argues that the trial court failed to provide written findings, as required by Code § 20-107.1(F). The final order, however, incorporated by reference the court's statements from the bench. The transcript is contained in the record. This transcript satisfies the requirement of a writing. Cf. Landwehr v. Landwehr, 715 N.W.2d 180, 191 (Wis. 2006) (finding substantial compliance with statutory requirement of a writing when the trial court incorporated a transcript by reference).

- 4 -

Although the record shows that the court *considered* the factors listed in Code § 20-107.1(E),[2] thereby fulfilling the first statutory mandate, the trial court then directed the parties to "plug those [numbers] in" the local guidelines.[3] The trial court did not actually fix the amount of spousal support. As appellant notes, "[n]othing in the record indicates the trial court . . . knew what amount of support it was actually awarding [w]ife when it announced its decision." In its final order, the court then adopted the spousal support figure derived from the guidelines worksheets. On this record, we conclude that the trial court erred as a matter of law in its application of Code § 20-107.1(F). A trial court "by definition abuses its discretion when it makes an error of law." Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998). Accordingly, we reverse the spousal support award and remand the case to the trial court for reconsideration of the award in keeping with this opinion.

## IMPUTED INCOME

Because the issue may arise anew on remand, we address wife's second assignment of error. Wife argues that the trial court erred in imputing income to her because the "uncontroverted evidence established that she was incapable of working, and the trial court erred by arbitrarily disregarding the expert testimony concerning the same."

---

[2] At trial, the court stated that it had considered the factors in Code § 20-107.3, the statute governing the division of marital property. Wife relies on this statement to contend that the trial court relied on an incorrect statute. Our review of the record convinces us that the trial court simply misspoke in citing Code § 20-107.3 rather than Code § 20-107.1.

[3] We have no occasion here to opine concerning all of the circumstances under which courts may exercise their broad discretion to consult such guidelines, but we do note that they cannot serve as a substitute for the consideration of the Code § 20-107.1(E) factors or the requirement imposed by Code § 20-107.1(F) that courts provide "written findings and conclusions identifying the factors in subsection E which support the court's order." Nor, under the discretionary scheme set forth in Code § 20-107.1, could such guidelines form a presumptive baseline.

"A court may under appropriate circumstances impute income to a party seeking spousal support." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). "The decision to impute income is within the sound discretion of the trial court and will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999). In this instance, the testimony was hardly "uncontroverted," as wife argues. Husband's testimony about wife's condition and behavior, the testimony from husband's vocational expert, and husband's cross-examination of wife's medical experts afforded the trial court a factual basis upon which to impute income to wife. Wife stresses the credibility of her own witnesses. On appeal, however, we do not review the evidence *de novo*. Rather, "[w]hen reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003). Moreover, "a trial court is not required to accept the opinion of an expert . . . . 'It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.'" Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998) (citations omitted) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)).

Under that well-settled standard, the trial court's decision was certainly not arbitrary. We affirm on this record the trial court's decision to impute income to wife.

Affirmed in part, and
reversed and remanded in part.